**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1754-PGB-DCI**

**CHARLES D. OLIVER,**

**Defendant.**
______________________________/

**DEFENDANT, CHARLES D. OLIVER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Charles D. Oliver ("Mr. Oliver" or "Defendant"), by and through his undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files his Answer and Affirmative Defenses to the Complaint filed by Securities and Exchange Commission ("Plaintiff"), and state as follows:

## SUMMARY[1]

1. Paragraph 1 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

2. Admitted that Mr. Oliver hosted a radio show and podcast called Hidden Wealth Radio that was broadcast from the Lake Mary, Florida area. Admitted that Hidden Wealth Solutions is a DBA and not a legal entity. Mr. Oliver

[1] The headings in this document are taken from the headings in the Complaint, and are provided for ease of reference only. They are not intended as an admission of any kind; to the contrary, to the extent they contain allegations requiring a response, Mr. Oliver expressly denies all such allegations.

denies the remainder of the allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3. Paragraph 3 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

4. Paragraph 4 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

5. Paragraph 5 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

6. Admitted.

7. Denied that Mr. Oliver sold any "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 7 of the Complaint, and demands strict proof thereof.

8. Paragraph 8 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

9. Paragraph 9 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

10. Paragraph 10 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

11. Paragraph 11 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

## VIOLATIONS AND RELIEF SOUGHT

12. Paragraph 12 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

13. Admitted that the Complaint seeks the requested relief. Paragraph 13 of the Complaint is denied to the extent that it contains allegations against Mr. Oliver, and Mr. Oliver demands strict proof thereof.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint is admitted for the purposes of jurisdiction and venue only. Mr. Oliver denies the remaining allegations contained in Paragraph 14 of the Complaint, and demands strict proof thereof.

15. Paragraph 15 of the Complaint is admitted for the purposes of jurisdiction and venue only. Mr. Oliver denies the remaining allegations contained in Paragraph 15 of the Complaint, and demands strict proof thereof.

16. Paragraph 16 of the Complaint is admitted for the purposes of jurisdiction and venue only. Mr. Oliver denies the remaining allegations contained in Paragraph 16 of the Complaint, and demands strict proof thereof.

17. Paragraph 17 of the Complaint is admitted for the purposes of jurisdiction and venue only. Mr. Oliver denies the remaining allegations contained in Paragraph 17 of the Complaint, and demands strict proof thereof.

## TOLLING AGREEMENTS

18. Admitted that Mr. Oliver and the Commission executed tolling agreements that tolled the running of any applicable statute of limitation from

October 8, 2024 to July 5, 2025. Mr. Oliver denies the remaining allegations contained in Paragraph 18 of the Complaint, and demands strict proof thereof.

**DEFENDANT**

19. Mr. Oliver is 55. Denied that Mr. Oliver owned or operated a radio show or podcast that was focused on alternative investments and tax strategies. The remainder of the allegations in Paragraph 19 of the Complaint are admitted.

**OTHER RELEVANT PERSONS AND ENTITIES**

20. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 20 of the Complaint, and demands strict proof thereof.

21. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 21 of the Complaint, and demands strict proof thereof.

22. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 22 of the Complaint, and demands strict proof thereof.

23. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 23 of the Complaint, and demands strict proof thereof.

24. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 24 of the Complaint, and demands strict proof thereof.

25. Admitted that the 2021 Commission Order referenced in Paragraph 25 of the Complaint speaks for itself. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 25 of the Complaint, and demands strict proof thereof.

26. Admitted that the Commission Order and settlement referenced in Paragraph 26 of the Complaint speak for themselves. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 26 of the Complaint, and demands strict proof thereof.

## FACTS

### I. The Unregistered Offerings of the Oil and Gas Securities

27. Denied that the "Oil and Gas Securities" were securities. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 27 of the Complaint, and demands strict proof thereof.

28. Denied that the equity offerings were securities. Admitted that the offering materials referenced in Paragraph 28 of the Complaint speak for themselves. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 28 of the Complaint, and demands strict proof thereof.

29. Denied that the debt offerings were securities. Admitted that the offering materials referenced in Paragraph 29 of the Complaint speak for themselves. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 29 of the Complaint, and demands strict proof thereof.

30. Paragraph 30 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

31. Paragraph 31 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

## II. Oliver Contracted with Beacon Global to be a "Referral Agent" for Resolute

32. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 32 of the Complaint, and demands strict proof thereof.

33. Admitted that Mr. Oliver entered into Referral Contractor Agreement and updated Referral Contractor Agreement with Beacon Global as referenced in Paragraph 33 of the Complaint. Admitted that the Referral Contractor Agreement and updated Referral Contractor Agreement with Beacon Global as referenced in Paragraph 33 of the Complaint speak for themselves. Mr. Oliver denies the remaining allegations contained in Paragraph 33 of the Complaint, and demands strict proof thereof.

34. Admitted that the Referral Contractor Agreement and updated Referral Contractor Agreement with Beacon Global as referenced in Paragraph 34 of the Complaint speak for themselves. Mr. Oliver denies the remaining allegations contained in Paragraph 34 of the Complaint, and demands strict proof thereof.

**III. <u>Oliver's Sales Activity Relating to the Oil and Gas Securities</u>**

35. Paragraph 35 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

36. Paragraph 36 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

37. Admitted that Mr. Oliver met with prospective clients either in his offices in Lake Mary, Florida or via video conference. Admitted that Mr. Oliver provided prospective clients with questionnaires to assess their assets, expenses, wealth, risk tolerance, and retirement goals. Mr. Oliver denies the remaining allegations contained in Paragraph 37 of the Complaint, and demands strict proof thereof.

38. Admitted that Mr. Oliver hosted presentations on different topics and that clients and prospective clients attended either in-person or via Zoom. Admitted that Mr. Oliver has introduced Stephan Toth of Homebound and Thomas Powell of Resolute at certain presentations. Mr. Oliver denies the remaining allegations contained in Paragraph 38 of the Complaint, and demands strict proof thereof.

39. Paragraph 39 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

40. Paragraph 40 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

41. Denied the Mr. Oliver made any statements regarding Thomas Powell's investments, and Mr. Oliver demands strict proof thereof. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 41 of the Complaint, and demands strict proof thereof.

42. Admitted that Mr. Oliver informed some clients that he participated in the "Oil and Gas Securities" offerings. Mr. Oliver denies the remaining allegations contained in Paragraph 42 of the Complaint, and demands strict proof thereof.

43. Admitted that Mr. Oliver's son was an intern at Resolute. Admitted that his son's internship was shared with some clients. To the extent required, Mr. Oliver denies the remaining allegations in Paragraph 43.

44. Paragraph 44 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

45. Admitted that the email dated April 2020 referenced in Paragraph 45 of the Complaint speaks for itself. Mr. Oliver denies the remaining allegations contained in Paragraph 45 of the Complaint, and demands strict proof thereof.

46. Admitted that Mr. Oliver maintained records regarding his clients' participation in the "Oil and Gas Securities." Mr. Oliver denies the remaining

allegations contained in Paragraph 46 of the Complaint, and demands strict proof thereof.

47. Paragraph 47 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

48. Paragraph 48 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

49. Paragraph 49 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

50. Paragraph 50 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

**III. Specific Examples of Oliver's Fraud and Deceit upon Investors**

**A. Investor A**

51. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 51 of the Complaint, and demands strict proof thereof.

52. Denied that Mr. Oliver advertised advisory services or discussed investing. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 52 of the Complaint, and demands strict proof thereof.

53. Denied that Mr. Oliver made or provided any client with specific advice on how to invest for retirement. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the

allegations contained in Paragraph 53 of the Complaint, and demands strict proof thereof.

54. Denied that Mr. Oliver worked as an investment adviser. Denied that Mr. Oliver was compensated for managing investments or providing tax services. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 54 of the Complaint, and demands strict proof thereof.

55. Paragraph 55 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

56. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 56 of the Complaint, and demands strict proof thereof.

57. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 57 of the Complaint, and demands strict proof thereof.

58. Denied that Mr. Oliver sold the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 58 of the Complaint, and demands strict proof thereof.

59. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 59 of the Complaint, and demands strict proof thereof.

**B. <u>Investor B</u>**

60. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 60 of the Complaint, and demands strict proof thereof.

61. Denied that Mr. Oliver advertised or discussed investments, investing, or investment strategies. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 61 of the Complaint, and demands strict proof thereof.

62. Denied that Mr. Oliver provided advisory services. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 62 of the Complaint, and demands strict proof thereof.

63. Denied that Mr. Oliver served as any client's investment advisor. Denied that Mr. Oliver led any client to believe that he was an investment advisor. Denied that Mr. Oliver managed any client's assets or received a fee for the same. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 63 of the Complaint, and demands strict proof thereof.

64. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 64 of the Complaint, and demands strict proof thereof.

65. Denied that Mr. Oliver gave any investment advice of expressed an opinion on any investments. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 65 of the Complaint, and demands strict proof thereof.

66. Paragraph 66 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

67. Admitted that Mr. Oliver's son was an intern for Resolute. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 67 of the Complaint, and demands strict proof thereof.

68. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 68 of the Complaint, and demands strict proof thereof.

69. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 69 of the Complaint, and demands strict proof thereof.

70. Denied that Mr. Oliver sold the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 70 of the Complaint, and demands strict proof thereof.

71. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 71 of the Complaint, and demands strict proof thereof.

**C. <u>Investor C</u>**

72. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 72 of the Complaint, and demands strict proof thereof.

73. Denied that Mr. Oliver made any statements regarding the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 73 of the Complaint, and demands strict proof thereof.

74. Paragraph 74 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

75. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations regarding Investor C's assumptions contained in Paragraph 75 of the Complaint, and demands strict proof thereof. Mr. Oliver denies the remainder of the allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof.

76. Denied that Mr. Oliver gave any investment advice of expressed an opinion on any investments. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 76 of the Complaint, and demands strict proof thereof.

77. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 77 of the Complaint, and demands strict proof thereof.

78. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 78 of the Complaint, and demands strict proof thereof.

79. Denied that Mr. Oliver sold the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 79 of the Complaint, and demands strict proof thereof.

**D. Investor D**

80. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 80 of the Complaint, and demands strict proof thereof.

81. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 81 of the Complaint, and demands strict proof thereof.

82. Denied that Mr. Oliver provided advisory services or received a fee for the same. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 82 of the Complaint, and demands strict proof thereof.

83. Paragraph 83 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

84. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations regarding Investor D's purported statement(s) contained in Paragraph 84 of the Complaint, and demands strict proof thereof. Mr. Oliver denies the remainder of the allegations contained in Paragraph 84 of the Complaint and demands strict proof thereof.

85. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 85 of the Complaint, and demands strict proof thereof.

86. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 86 of the Complaint, and demands strict proof thereof.

87. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 87 of the Complaint, and demands strict proof thereof.

88. Denied that Mr. Oliver sold the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 88 of the Complaint, and demands strict proof thereof.

89. Paragraph 89 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

**E. <u>Investor E</u>**

90. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 90 of the Complaint, and demands strict proof thereof.

91. Denied that Mr. Oliver advertised or discussed investments, investing, or investment strategies. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 91 of the Complaint, and demands strict proof thereof.

92. Denied that Mr. Oliver provided advisory services or received a fee for the same. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 92 of the Complaint, and demands strict proof thereof.

93. Paragraph 93 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

94. Paragraph 94 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

95. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 95 of the Complaint, and demands strict proof thereof.

96. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 96 of the Complaint, and demands strict proof thereof.

97. Denied that Mr. Oliver sold the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 97 of the Complaint, and demands strict proof thereof.

98. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations regarding Investor C's beliefs contained in Paragraph 98 of the Complaint, and demands strict proof thereof. Mr. Oliver denies the remainder of the allegations contained in Paragraph 98 of the Complaint and demands strict proof thereof.

**F. <u>Investor F</u>**

99. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 99 of the Complaint, and demands strict proof thereof.

100. Denied that Mr. Oliver advertised or discussed investments, investing, or investment strategies. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 100 of the Complaint, and demands strict proof thereof.

101. Denied that Mr. Oliver provided advisory services or received a fee for the same. Denied that Mr. Oliver managed any client's assets or received a fee for the same. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 101 of the Complaint, and demands strict proof thereof.

102. Admitted that Mr. Oliver informed some clients that he participated in the "Oil and Gas Securities" offerings. Admitted that Mr. Oliver's son was an intern at Resolute. Mr. Oliver denies the remaining allegations contained in Paragraph 102 of the Complaint, and demands strict proof thereof.

103. Denied that Mr. Oliver provided any client with investment advice or recommendations. Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 103 of the Complaint, and demands strict proof thereof.

104. Denied that Mr. Oliver sold the "Oil and Gas Securities." Mr. Oliver is without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 104 of the Complaint, and demands strict proof thereof.

## CLAIMS FOR RELIEF

### Count I
### (Violations of Sections 5(a) and 5(c) of the Securities Act)

105. Mr. Oliver reasserts and re-alleges the answers to Paragraphs 1 through 104 above as if fully set forth herein.

106. Paragraph 106 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

107. Paragraph 107 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

108. Paragraph 108 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

### Count II
### (Violations of Sections 15(a) of the Exchange Act)

109. Mr. Oliver reasserts and re-alleges the answers to Paragraphs 1 – 26 and 32 – 104 above as if fully set forth herein.

110. Paragraph 110 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

111. Paragraph 111 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

**Count III**
**(Violations of Section 206(2) of the Advisors Act)**

112. Mr. Oliver reasserts and re-alleges the answers to Paragraphs 1 – 26 and 35 – 104 above as if fully set forth herein.

113. Paragraph 113 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

114. Paragraph 114 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

115. Paragraph 115 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

116. Paragraph 116 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

117. Paragraph 117 of the Complaint is denied, and Mr. Oliver demands strict proof thereof.

**FIRST AFFIRMATIVE DEFENSE**

In executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint, Mr. Oliver was entitled to, and did, reasonably and in good faith, rely upon the work and conclusions of other professionals and experts.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Mr. Oliver acted at all times in good faith and/or did not know, and in the exercise of reasonable case

could have known, or had any reasonable grounds to believe, that any misstatements or omissions of material fact existed in any statements, reports, and/or filings allegedly issued or uttered by Mr. Oliver.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims against Mr. Oliver cannot be maintained because the conduct alleged in the Complaint was not intentional, was believed to be lawful, proper, and fair, and was the result of mistake of fact or mistake of law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Mr. Oliver cannot be maintained because the alleged acts and/or omissions complained of, if any, were due to the fault of persons, factors, and circumstances presently unknown to Mr. Oliver, over which they exercised no control, and for whose actions they were not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because the Complaint seeks an impermissible forfeiture.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover damages because any such recovery would be a windfall resulting in unjust enrichment to Plaintiff or to a party Plaintiff purports to seek to reimburse. Mr. Oliver entered into a Class Action Settlement with his clients who participated in the "Oil and Gas Securities" at issue that included a full disgorgement of all purported profits received from Mr. Oliver's referrals in exchange for a full release of Mr. Oliver. The Class Action Settlement was approved

by the District Court of the Tenth Judicial Circuit in and for Dallas County, Florida, Cause No.: DC-22-04656. Any further disgorgement would operate as an unjust windfall for Mr. Oliver's clients who have already fully resolved their disputes with Mr. Oliver.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the notes at issue are not securities because they fall squarely within the list of non-securities enumerated in *Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990). The notes are also exempt as securities under the express language of the Exchange Act (15 U.S.C. § 78c(a)(10)) and from the registration requirement under the Securities Act (15 U.S.C. § 77b(a)(1)).

**EIGHT AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants cannot be maintained because superseding or intervening events, not caused by Mr. Oliver, caused some or all of the alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because any and all purported statements and/or actions attributed to Defendants were immaterial.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by res judicata.

## RESERVATION OF RIGHTS

Additional facts may be revealed by future discovery which support additional affirmative defenses presently available to, but unknown to, Mr. Oliver. Therefore, Mr. Oliver reserves the right to assert additional defenses in the event that investigation and discovery indicate that additional defenses are appropriate.

Date: November 18, 2025
Miami, Florida

Respectfully submitted,

By: /s/ *Benjamin J. Biard*

Benjamin J. Biard
Florida Bar No. 907901
biard.b@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG, LLP**
One Southeast Third Avenue
Suite 1950
Miami, Florida 33131
Tel: 305-830-0600
Fax: 305-830-0601

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2025, the foregoing document was filed with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Benjamin J. Biard*
Benjamin J. Biard